**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00276-GCM**

| | |
|---|---|
| US SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) **ORDER** ) |
| GUSTAVO A. GUZMAN, | ) ) ) ) |
| **Defendant.** | ) ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 10). The Court has reviewed Plaintiff's Motion, together with the Memorandum in Support and supporting materials submitted contemporaneously with the Motion or previously filed with the Court. For the reasons stated herein, the Court will grant Plaintiff's Motion.

## PROCEDURAL BACKGROUND

On May 24, 2017, Plaintiff filed a Complaint against Defendant. The Complaint alleges that Defendant: (1) violated 15 U.S.C. § 77q(a), using interstate commerce for the purpose of fraud or deceit; (2) violated 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, using any manipulative or deceptive device or contrivance in connection with the purchase or sale of securities; (3) violated 15 U.S.C. § 80b-6(1), (2), using interstate commerce as an investment adviser to employ devices to defraud a client or prospective client, and engaging in transactions which have operated as a fraud or deceit upon clients or prospective clients; and (4) violated 15 U.S.C. § 80b-6(4) and 17 C.F.R. § 275.206(4)-8 thereunder, engaging in fraudulent practices while acting as an investment adviser to a pooled investment vehicle. (Compl., 9–12).

1

Plaintiff attempted to serve Defendant at his last known address, the addresses of two extended family members, and a scheduled business engagement. After those attempts were unsuccessful, service was rendered on the person in charge of Defendant's usual mailing address at the UPS Store at 650 N. Rose Dr. #490 in Placentia, California on June 29, 2017. (Doc. No. 3). Defendant's Answer was accordingly due July 20, 2017.

Defendant did not make an appearance or file a responsive pleading to the Complaint. On August 28, 2017, Plaintiff moved for an entry of default pursuant to Rule 55(a), which the clerk entered on September 20, 2017. Subsequently, on May 7, 2018, Plaintiff moved for a default judgment by the Court pursuant to Rule 55(b)(2).

## STANDARD OF REVIEW

When a defendant is in default, the well-pleaded factual allegations of the complaint are deemed to be admitted by the defendant, but conclusions of law and the amount of damages are not. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). A court must thus "determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Id.* The plaintiff bears the burden of proving that judgment should be granted by way of a motion for default judgment. *Silvers. v. Iredell Cty. Dept. of Soc. Servs.*, No. 5:15-cv-00083, 2016 WL 427953, at *6 (W.D.N.C. Feb. 3, 2016).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court finds the following:

1. This Court has jurisdiction over the subject matter of this action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

2. This Court has personal jurisdiction over Defendant as Defendant has transacted business in the State of North Carolina and within this judicial District.

3. Venue is proper in this Court pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as acts, transactions, practices, and courses of business constituting the violations alleged occurred within the jurisdiction of the United States District Court for the Western District of North Carolina and elsewhere.

4. Defendant has been properly served with the Complaint in this action.

5. Defendant has not defended himself in this action.

6. The Court has properly entered a default against Defendant pursuant to Fed. R. Civ. P. 55(a).

7. Entry of default judgment against Defendant is adequately supported in fact and law by the undenied allegations of the Complaint, the evidence and methodology set forth in the motion, Plaintiff's memorandum in support of the motion, and the supporting materials submitted contemporaneously with the Motion.

8. Injunctive relief is proper in this matter. Upon a "proper showing" the SEC can obtain a permanent injunction against any person who is engaged in any acts or practices that violate the provisions of the securities acts or regulations. *See SEC v. Marker*, 427 F. Supp. 2d 583. 590 (M.D.N.C. 2006). An injunction is appropriate "if the SEC demonstrates a reasonable and substantial likelihood that the defendant, if not enjoined, will violate the securities laws in the future." *Id.* Here, the SEC has presented evidence showing that Defendant engaged in repeated, serious offenses—defrauding a dozen investors out of more than $2 million over the

course of at least five years—with a high degree of scienter. Thus, a permanent injunction is proper relief.

9. Disgorgement is proper in this matter. "It is well settled that a court may order the disgorgement of profits obtained through securities fraud." *Id.* at 591. Disgorgement is subject to a five-year statute of limitations. *Kokesh v. SEC*, -- U.S. --, 137 S. Ct. 1635, 1644 (2017). The uncontested evidence shows that Defendant retained $253,820.82 in ill-gotten gains from his fraudulent conduct during the five-year statute of limitations period. The Court will accordingly award disgorgement of this amount.

10. Prejudgment interest is proper in this matter. "Like disgorgement, an award of prejudgment interest is intended to prevent the defendant from profiting from his or her illegal conduct" through what otherwise would amount to an interest-free loan "procured as a result of illegal activity." *Marker*, 427 F. Supp. 2d at 592 (quoting *SEC v. Moran*, 944 F. Supp. 286, 295 (S.D.N.Y. 1996)). The Court finds that such an award is necessary to fully compensate the wronged parties, is fair in light of the seriousness of the conduct, and furthers the remedial purpose of the statute, and will therefore award prejudgment interest.

11. A third tier civil penalty is proper in this matter. A court may impose a "third tier" civil penalty if (1) the violation "involved fraud deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," and (2) the violation "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. § 80b-9(e)(C). The uncontested evidence shows that these two requirements have been satisfied, and thus a third tier civil penalty shall be awarded.

12. A civil penalty of $160,000 is proper in this matter. A court may award a penalty for "each violation" of securities law. *Id.* Courts have determined the number of "violations" in

various ways: awarding a penalty for each investor defrauded, awarding a penalty for the number of fraudulent transactions, awarding a penalty for the number of statutes the defendant violated, or awarding a single penalty for a comprehensive fraudulent scheme. *See SEC v. GTF Enters., Inc.*, No. 10-CV-4285, 2015 WL 728159, at *4 (S.D.N.Y. Feb. 19, 2015) (compiling cases). Here, Plaintiff requests a civil penalty of $160,000 for each count contained in the Complaint, totaling $640,000. The Court, however, finds that the evidence shows that Defendant's activities consisted of one ongoing scheme. Further, because judgment in this case is entered by default, the Court lacks detailed information about certain circumstances surrounding the violations and information about Defendant's financial condition. *See id.*; *SEC v. Opulentica, LLC*, 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007) (finding that a penalty should be determined "in light of the facts and circumstances surrounding the violations," including a defendant's "current and future financial condition"). Thus, the Court shall impose a single penalty of $160,000 pursuant to 17 C.F.R. § 201.1005.

## **PERMANENT INJUNCTION AND ORDER**

Based on the preceding Findings of Fact and Conclusions of Law, the Court order as follows:

### **I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-6(1), (2), and (4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(c) to make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(d) otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from, directly or indirectly, including but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account.

**V.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $253,820.82, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $25,169, for a total of $278,989.82. Defendant shall satisfy this obligation by paying $278,989.82 to the SEC within 14 days after entry of this judgment. Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Gustavo A. Guzman as defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable rights, titles, and interests in such funds and no part of

the funds shall be returned to Defendant. The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury. The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $160,000 to the Securities and Exchange Commission pursuant to Section (d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e). Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants and Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Gustavo A. Guzman as defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable rights, titles, and interests in such funds and no part of the funds shall be returned to Defendant. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED.**

Signed: May 18, 2018

Graham C. Mullen
United States District Judge